The last case on our calendar is Danuta Szewczyk v. Sakian. How do you pronounce it? Szewczyk? Sorry. You can put your bags down. My what? Or not, yes. OK. Good morning. Morning. My name is Danuta Szewczyk. I appealing the decision of the district court, which was based on not enough evidence, which were not presented to court. I had those evidence, but somehow they didn't get to the judge. I was feeling all the instruction how to do it, but the defendants got it. I have the proof. This is the proof of my opposition to defend the motion for dismissal, which contained very valid documents, which I added to my charge. So that document, the judges, men and body from Eastern District, they never were able to examine. And the very important documents, what they wrote on their papers, the judges, then like example is then I didn't provide, then I provide statistics. It's not true. Not only truth, then I provide statistics, but in that opposition I had the list of the people who were, because this is equal employment opportunity case. I was not selected for next step for fire department. I have list of the people who, this is the list, and you have exhibit number 15, which were known to defendant, but were not known to court. So everything what is stipulated in that summary judgment, is not covered by the true facts, because the true facts are here. And I want you to help me reverse that decision. My case was like, is like I was interviewed by fire department, and I was physically abused by one of the person who interviewed me. It was person origin of Soviet, from Soviet Republic. She has heavy Russian accent. And I'm also, because of my age and because of my nationality, I'm origin of Poland, from Poland. And she, the judges took only the position, declaration of Tamara Saakian and the second person, which is full of lies, because it's not what happened during that interview. The declarations, in this declaration, she referred to me, Tamara Saakian for instance, referred that I am of Eastern European origin, which is not true, because there is no geographically, historically, economically reason to treat that I am from Eastern European. She tried to tell them she didn't have prejudice against me. She selected two male. She and the committee selected two males. I have more experience, because I have American degree. I have master degree in civil engineering. But the candidates who were selected, they were with bachelor degree from their countries. I have two master degrees. And the lawyers tried to cover everything up. They don't, the lawyer was already, three lawyers changed during that, because interview was 2014. So they changed it already, three times lawyers. So next lawyer didn't know what happened. So I ended with the summary. I expected then the judge will have all the evidence. But when I read the summary judgment, this was then the judge doesn't know at all about the list, which I ended up admitting, because like statistics, it's not important to claim that I was not discriminated. I found out that the city of New York didn't employ any assistant civil engineer from Poland on that list. And it's confirming that that woman, Tamara Saakian, she fell in love with the people who were selected before me. The time has expired. We have your papers. And now I'm going to talk to the lawyer for the city. Have a seat right there. May it please the court, Jonathan Popolo for Appalese. Mr. Popolo. Yes. Didn't the district court dismiss Miss Sefchak's sex discrimination claims in error when two men advanced to the next round of interviews, while she, the sole woman interviewed, was rejected under Title VII and New York State Human Rights Law? I don't think so, Your Honor. As the court articulated, there was reference to a number of factors that indicated that it was properly dismissed. There was reference to another woman that she talked about who was complaining in the context of saying that it supported her national origin discrimination claim. But she pointed out this other woman she claimed got a double promotion, got hired for a similar job, and then got promoted to two levels. The Supreme Court has said in McDonnell, Douglas, and Burdine, and repeated again and again, that until you get to the stage where the defendant furnishes a reason when, at which point, a discrimination case becomes like other cases in the prima facie case, before that moment, the burden on the plaintiff of showing discriminatory intent is minimal. And what the Supreme Court said was sufficient in McDonnell, Douglas, is covered here, that she's competent for the job. She can do the job. She alleges that she's able to do the job. And she applied for it, and she didn't get it. And two men did. That's all you need at the pleading stage before the defendant furnishes a reason. Well, I would reiterate what I believe are the correct reasons why the court dismissed it. I would note, though, that if it had gone forward, you would then be in the same position where the same articulated legitimacy . . . She might be in a different standard. If the defendant had given the reason, and then you had proceeded to summary judgment, and the case had remained the same, it would have been absolutely fine on summary judgment. But the plaintiff never got the chance to prove her side of the case on summary judgment. If it had gone forward and she would have lost, that's not an answer to the fact that she met the minimum standard at this stage of her case. Possibly, but the articulated reason for why they hired the other person would have been the same, and the need to overcome the . . . She would then have had the opportunity to overcome it, or to show that there was a disputed issue of fact. But she did in the context of the other claims. I mean, the same argument was made that would have been made there, that she had better qualifications, better academic qualifications, than the man who was hired. You're saying you're not disputing that it was erroneous to dismiss it at the 12B6? No, I . . . You're saying that the record, that her inability to overcome the defendant's given reason at the summary judgment stage on all her other 11 or 15 different claims of discrimination, she also would have been, there's no reason why it would have been different with respect to gender. Correct, Your Honor. I'm saying that's an alternate reason. I'm not conceding that it was necessarily error, but I'm saying that if the court believes that it was erroneous to have dismissed the sex claim, you would still have reached the alternate reason that Your Honor just talked about. Well, I wonder, but I wonder whether you're correct, because she didn't have anything to dispute the other reason with respect to the . . . She didn't have anything to overcome the defendant's explanation on all the other claims of discrimination, but maybe she could have had something about that somebody said something derogatory about women that would have been irrelevant to all the other ones? Well, I mean, that would have helped. It would have been part of a prima facie claim, but it still would . . . It would have created a disputed issue of fact. Disputed issue of fact as to, but there were no allegations about derogatory comments. No, but that was at the pleading stage when she didn't need them. The burden is minimal at the pleading stage. It is, Your Honor, but I think the district court properly found that that minimal burden hadn't been met. So if the burden is minimal, the fact that she and two men were interviewed and the two men went forward and she didn't, isn't that enough to meet a minimal burden? It could be. Yes or no? It could be. It depends on the circumstances. I think the court in this case relied on two factors to find that it hadn't been adequately alleged. It relied on the allegations that another woman had actually been hired for the similar job and given promotions, and I think the court also relied on the fact that the person that she claimed was discriminating her against was also a member of the same protected class. But it's at the pleading stage, counsel. The very lowest burden that she has, and you are convinced she didn't meet that burden? As I said, Your Honor, I think the district court's decision on that point is perhaps maybe not as strong as on some of the other claims, but still survives, and I think that the alternate argument makes sense in that the same articulated reason for why the position was given to someone else would stand and the same arguments would have come into play as to why that was pretextual, so there's no reason to revisit it in this context. All right, thank you. We will reserve decision. Thank you both very much. Thank you. Court is adjourned. Oh, I forgot to tell you.